## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN CURRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 22-CV-299-CDJ |
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____ 2022, upon consideration of Defendant's Motion to Dismiss, the supporting Memorandum of Law and other materials submitted in support thereof, and any opposition thereto, it is hereby ORDERED that the motion is GRANTED.  The Complaint is dismissed, with prejudice.

BY THE COURT:

_____
HONORABLE C. DARNELL JONES, II
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHAUN CURRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 22-CV-299-CDJ |
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| Defendant. | : | |

## <u>DEFENDANT UNITED STATES'S MOTION TO DISMISS COMPLAINT</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant United States respectfully moves to dismiss for the reasons set forth in the attached supporting legal memorandum.  As set forth more fully in the memorandum of law in support, this Court lacks subject matter jurisdiction over the plaintiff's Eighth Amendment claim.  Further, the only cognizable claim that the plaintiff could bring in this matter, *i.e.*, a motion to vacate administrative forfeiture under Title 18, United States Code, Section 983(e) ("Section 983(e)"), has not been alleged in the complaint. Even if the plaintiff were to amend the complaint to include a claim pursuant to Section 983(e), however, such amendment would be futile, because the plaintiff cannot state a claim under the statute, given the facts of this matter.

1

Defendant respectfully requests that the Court grant the motion and dismiss, with prejudice.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney


*/s/ Gregory B. David*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


*/s/ Elizabeth M. Ray*
ELIZABETH M. RAY
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Telephone:  215-861-8699
Facsimile:  215-861-8618


Dated:  March 29, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SHAUN CURRY,                                :
                                                        :
                    Plaintiff,                     :
                                                        :
            v.                                         :
                                                        :        CIVIL ACTION NO. 22-CV-299-CDJ
UNITED STATES OF AMERICA        :
                                                        :
                                                        :
                    Defendant.                    :

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

This action stems from the Drug Enforcement Agency's ("DEA") seizure of $121,240

from plaintiff Shaun Curry at the Philadelphia International Airport on February 4, 2021.

Following the seizure, the DEA complied with federal law by sending the plaintiff notice

regarding the pending administrative forfeiture of the seized currency under 21 U.S.C. § 881.

Upon receiving that notice, the plaintiff chose not to file a claim to contest the forfeiture action in

federal court.  Instead, the plaintiff chose to file petitions for remission or mitigation of the

forfeiture, which is an agency process ruled upon by the DEA.  Federal law is clear: Because the

plaintiff received notice and elected the administrative process, this Court does not have

jurisdiction to consider a substantive challenge to the completed administrative forfeiture – not

even a constitutional challenge under the Eighth Amendment.  Accordingly, the complaint

should be dismissed for lack of subject matter jurisdiction.

The only cognizable attack on a completed administrative forfeiture is a request to vacate

under Section 983(e) for failure to provide notice.  The complaint makes no claim under Section

983(e), nor could it, because plaintiff Curry received and responded to the notification that he

received from DEA.  Thus, any effort by Mr. Curry to amend the complaint to incorporate a

1

claim under Section 983 would be futile.  Accordingly, plaintiff's complaint should be dismissed with prejudice and without leave to amend.

## I.    BACKGROUND

### A.  STATUTORY BACKGROND

The assets in this case were seized for forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides that all proceeds and property traceable as proceeds of a violation of the federal drug laws are subject to forfeiture by the United States. 21 U.S.C. § 881(a) and (d). Such forfeitures are governed by the customs laws relating to forfeiture. *See* 21 U.S.C. § 881(d). Under the customs laws, the DEA may administratively forfeit goods (other than monetary instruments and conveyances used to transport controlled substances) valued at $500,000 or less. 19 U.S.C. § 1607. An administrative forfeiture has the same force and effect as a final order of forfeiture in a judicial forfeiture proceeding. 19 U.S.C. § 1609(b).

The DEA must send written notice to all parties with an interest in the seized property and publish notice of the seizure and its intent to forfeit the goods administratively. 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a)(1).

### 1.    Filing a Claim

A party seeking to challenge the forfeiture of its property in a judicial forum must file a claim with the DEA within the deadline set forth in the notice of seizure or, if the party did not receive a notice letter, then no later than thirty days after the final publication of the notice of seizure. *See* 18 U.S.C. § 983(a)(2)(B) ("A claim…may be filed not later than the deadline set forth in the personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure."). A claim "need not be

made in any particular form" and need only identify, under oath, (1) the property being claimed, and (2) the claimant's interest in that property. 18 U.S.C. § 983(a)(2)(C), (D).

The timely filing of a claim stops all administrative forfeiture proceedings. *See* 21 C.F.R. § 1316.76(b). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within ninety (90) days or return the seized property. *See* 18 U.S.C. § 983(a)(3). In the subsequent civil forfeiture proceedings, the government bears the burden of proving, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

### 2.    Filing a Petition

If an individual fails to timely file a claim, the property is administratively forfeited. 19 U.S.C. § 1609. An individual may, however, request remission and/or mitigation of the administrative forfeiture by filing a petition within thirty days of receipt of the notice of seizure. 28 C.F.R. § 9.3. A petition must include proof of an individual's interest in the property and state the facts and circumstances justifying remission or mitigation. 28 C.F.R. § 9.3(c)(1). Further, "[a]ny factual recitation or documentation of any type in a petition must be supported by a declaration under penalty of perjury that meets the requirements of 28 U.S.C. § 1746." 28 C.F.R. § 9.3(c)(2).

Once a petition is received, a seizing agency determines its merits and submits a written report to the ruling official. 28 C.F.R. § 9.3(f). The ruling official then reviews and considers the report and issues a ruling. 28 C.F.R. § 9.3(g). The DEA has broad discretion in deciding whether to grant a petition. *See* 28 C.F.R. § 9.7(a)(1) ("Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the ruling official."). If the ruling official denies the petition, the petitioner is notified of the reasons for the denial and of the right to submit a request for reconsideration. 28 C.F.R. § 9.3(i).

### B.  FACTUAL BACKGROUND

On February 4, 2021, the DEA conducted a consensual interview and search of plaintiff Shaun Curry's carry-on suitcase and backpack at the Philadelphia International Airport.  DEA found two separate sets of cash in each bag: $66,420 and $55,000 (for a total of $121,240 now at issue).  On April 2, 2021, pursuant to Title 19, United States Code, Section 1607(a) and Title 18, United States Code, Section 983(a), the DEA sent written notices of the seizures and pending administrative forfeiture by certified mail, return receipt requested, to the plaintiff at the address he now identifies as his residence in the complaint.[1] *See* Exhibit A to Declaration of Vicki Rashid, DEA Forfeiture Counsel, included as Attachment 1 ("Rashid Decl.").  An individual signing the signature block on the return receipt cards accepted delivery of the notices. *See* Rashid Decl. at Exh. B.  Pursuant to Code of Federal Regulations, Chapter 28, Section 8.9(a), the DEA also posted notices of the currency seizures on www.forfeiture.gov, an official internet government forfeiture website, for a period of 30 consecutive days, beginning on April 19, 2021, and ending on May 18, 2021.  *See* Rashid Decl. at Exh. C.

Both the internet postings and the direct notices that were mailed to the plaintiff explained the option of filing a claim with the DEA to contest the administrative forfeiture actions in United States District Court.  *See* Rashid Decl. at Exh. A.  Pursuant to Section 983(a), the notices that were mailed to the plaintiff state that the deadline to file a claim was May 7, 2021.  (If the mailed notices had not been received, the internet postings stated that the deadline to file a claim was June 18, 2021). *See* Rashid Decl. at Exh. C.  In addition to explaining how to file a claim, the notification letters and internet postings also explained the option of filing a

---

[1] DEA also sent notifications to another potential address for the plaintiff. These notifications are not relevant, as the plaintiff received notice at the address he identifies as his residence in the complaint.

petition for remission or mitigation of forfeiture with DEA, which DEA would decide and would not be heard in United States District Court. *See* Rashid Decl. at Exh. A.

On May 12, 2021, the DEA received petitions for remission or mitigation of forfeiture from plaintiff Shaun Curry through his counsel, Douglas Earl, for the two seizures. *See* Rashid Decl. at Exh. D.  Remission is a discretionary procedure for recovery from a completed forfeiture.  A remission petition is an individual's request for such recovery.  (There were two petitions, because the $121,240 reflected two separate seizures from two pieces of luggage.  One petition was submitted for each seizure.) These petitions were submitted by plaintiff's counsel, Douglas Earl, and signed by both Attorney Earl and the plaintiff.  On May 20, 2021, the DEA sent letters acknowledging receipt of the remission petitions by certified mail, return receipt requested to Douglas Earl, the plaintiff's attorney. *See* Rashid Decl. at Exh. E.  On May 27, 2021, an individual signing the signature block on the return receipt cards (Ms. Pamela Keith) accepted delivery of the May 20, 2021, letter. *See* Rashid Decl. at Exh. F.

Plaintiff Curry submitted petitions for remission or mitigation of the forfeiture, but he did not submit any claims.  On August 13, 2021, after no claims had been received by DEA and after the time period for filing claims had expired, DEA issued Declarations of Administrative Forfeiture, which declared that the $66,420 and $55,000 were forfeited to the United States pursuant to Title 19, United States Code, Section 1609. *See* Rashid Decl. at Exh. G.

After the currency was administratively forfeited, plaintiff Curry's petitions for remission or mitigation of the (completed) forfeiture were ripe for consideration by the DEA, because remission offers potential recovery after an asset has been forfeited.  On October 25, 2021, the plaintiff's petitions for remission or mitigation were denied. *See* Rashid Decl. at Exh. H.  The ruling letter was sent by certified mail, return receipt requested, to the plaintiff's attorney,

Douglas Earl. *Id.*  On November 1, 2021, plaintiff's counsel, Douglas Earl, signed the return receipt card accepted delivery of the ruling letter. *See* Rashid Decl. at Exh. I.[2]

## II.    STANDARDS OF REVIEW ON A MOTION TO DISMISS

The United States moves to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules").  Because a Rule 12(b)(1) motion addresses the trial court's jurisdiction, the trial court may weigh the evidence and satisfy itself as to the existence of its power to hear the case.  *See Morris v. Gonzales*, No. 06-cv-4383, 2007 U.S. Dist. LEXIS 69520, *6-*7 (E.D. Pa. Sept. 19, 2007).  As a result, the trial court "is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction."  *Id.* (citing *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000)).  Where jurisdiction is in dispute, plaintiffs bear the burden of proving that jurisdiction exists.  *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991).

When analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations and construe the complaint in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In so construing the facts, the Court should grant a motion to dismiss except where a plaintiff has alleged facts that go beyond mere speculation.  *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).  *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 570).

Here, the government seeks dismissal pursuant to both Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6).  Dismissal under Rule 12(b)(1) is appropriate because the court lacks

---

[2] The October 25, 2021, ruling letter explained the process for requesting reconsideration of the petitions' denial.  Plaintiff Curry did not submit such a request to DEA.

subject matter jurisdiction to review substantive challenges (such as an Eighth Amendment challenge) to a completed administrative forfeiture.  Dismissal with prejudice is appropriate under Rule 12(b)(6) because the plaintiff can allege no set of facts that would entitle him to relief under the only available legal theory that this Court would have jurisdiction to consider (i.e., relief under Section 983(e)).

The attached Declaration of DEA Forfeiture Counsel, Vicki Rashid, and related exhibits show the administrative procedures (including notice to the plaintiff) that occurred during the administrative forfeiture process and subsequent evaluation of the remission petitions by DEA. It is appropriate for the Court to consider these materials under both Rules 12(b)(1) and (12(b)(6).  Under Rule 12(b)(1), the Court may consider materials outside the complaint.  For purposes of Rule 12(b)(6), the exhibits and information contained therein reflect the facts that inherently underlie the plaintiff's Eighth Amendment action, which he believes stems from the underlying, completed administrative forfeiture.  These are also materials of which the plaintiff had notice.  Thus, the Court may consider these materials in the context of a Rule 12(b)(6) motion without converting the motion to one for summary judgment under Rule 56.  *See City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) (court may consider a document if the document's contents were alleged in the complaint); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (if plaintiff's complaint refers to specific facts found in a document, but not the document, defendant may be able to include the document); *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ("Where plaintiff has actual notice of all the information and has relied upon these documents in framing the complaint, the necessity of translating a motion to dismiss into one for summary judgment is largely dissipated.")

Thus, this Court may consider the attached documents both for purposes of evaluating its jurisdiction as well as to determine whether the plaintiff can marshal any facts that would be sufficient to state a claim under Section 983(e), the only action over which this Court could exercise subject matter jurisdiction.

### III.    ARGUMENT

#### A.  This Court Lacks Subject Matter Jurisdiction over Plaintiff's Eighth Amendment Claim

Due process under federal forfeiture law requires the seizing agency to send notice to potential claimants within 60 days of the seizure. 18 U.S.C. § 983(a)(1).  After notification, a party may challenge the forfeiture by filing a claim within 35 days of the mailing of the written notice. 18 U.S.C. § 983(a)(2)(B). If a party does not file a claim, administrative forfeiture occurs by default, and title in the seized property vests in the United States. 19 U.S.C. § 1609.   The timely filing of a claim stops all administrative forfeiture proceedings. *See* C.F.R. § 1316.76(b). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within ninety (90) days or return the seized property. *See* 18 U.S.C. § 983(a)(1).

Here, the plaintiff received timely notice from the DEA.  Indeed, the plaintiff responded to that notice by submitting petitions for remission and/or mitigation of the administrative forfeiture.  The notice letters clearly explained the claim and/or remission petition options and their differences.  The letter stated, in relevant part:

> You may file both a claim . . . and a Petition for Remission[.]  If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.
>
> **TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.**  *If you do not file a claim, you will waive your right to contest forfeiture of the asset.  Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any*

8

> *other proceeding, criminal or civil.*

Rashid Decl. at Exh. A (emphasis in original).

Instead of filing claims, however, the plaintiff – through counsel – chose to file petitions for remission. Because no one – including the plaintiff – submitted a claim in the administrative forfeiture process, the DEA completed the administrative forfeiture of the seized currency. It then considered the merits of the petitions for remission and/or mitigation. *See* 28 C.F.R. Part 9. These petitions were denied for the reasons set forth in the DEA's ruling letter dated October 25, 2021. *Id.*

Because the plaintiff elected to pursue remission through the DEA as part of the administrative process, the Court lacks subject matter jurisdiction to consider the plaintiff's Eighth Amendment claim. In general, federal courts lack jurisdiction to review the merits of administrative forfeiture decisions. *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 480 (2d Cir. 1992). An administrative forfeiture "removes the subject matter of the action – the property or *res* – from the district court, and thereby deprives the court of jurisdiction to review administrative decisions once the administrative process has begun." *Boero v. DEA*, 111 F.3d 301, 304 (2d Cir. 1997). By filing a remission petition and not an administrative claim, the plaintiff abandoned the mechanism for obtaining judicial relief under federal forfeiture law. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "The forfeiture statutes and regulations provide alternative, not sequential, administrative and legal remedies for an administrative forfeiture." *See Malladi Drugs & Pharm., Ltd. V. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009).

The Eighth Amendment prohibition against excessive fines is a substantive challenge to forfeiture. Where – as here – a party failed to file a claim, "an essential statutory predicate is absent and the district court should refuse to evaluate the merits of any substantive argument the

party may have." *Litzenberger v. United States*, 89 F.3d 818, 821 (Fed. Cir. 1996) (claimant

waived opportunity to assert Eighth Amendment claim in judicial forum by failing to meet

statutory requirements for asserting a claim).[3]  *See also Walker v. DEA*, 2002 WL 1870131 at *2

(S.D.N.Y. Aug. 14, 2002) (court lacked subject matter jurisdiction to review merits of

defendant's claim that seizure of his vehicle violated the Excessive Fines Clause of the Eighth

Amendment where claim did not relate to procedural deficiencies in forfeiture proceeding);

*Ezennwa v. United States*, 1997 WL 63318 at *3 (E.D.N.Y. Feb. 12, 1997) (dismissing plaintiff's

Fifth and Eighth Amendment claims for lack of subject matter jurisdiction); *Lopez v. United*

*States*, 862 F. Supp. 1178, 1185 (S.D.N.Y. 1994) (plaintiff's Eighth Amendment challenge to

administrative forfeiture did not allege procedural deficiency and was dismissed for lack of

subject matter jurisdiction). *Cf. Caraballo v. DEA*, 62 F. App'x 362, 363 (1st Cir. 2003) (not

precedential) (failure to file claim in administrative forfeiture proceeding left appellant "without

a forum for his Fourth Amendment claim as it is well settled that, once an administrative

forfeiture becomes final, the district court may review only adequacy of notice") (citation

omitted).[4]

### B.  The Plaintiff Cannot State a Claim Under Section 983(e)

Jurisdiction to consider issues related to the completed administrative forfeiture of the

$121,240 would be governed by Section 983(e), which evaluates the sufficiency of notice.

---

[3] *Litzenberger* was issued prior to the enactment of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").  Before CAFRA, the party from whom property was seized would have needed to file a claim and a cost bond.  CAFRA eliminated the need for a cost bond in non-Customs cases, but the claim requirement remained.  Under 18 U.S.C. § 983(e), the principle set forth in *Litzenberger* is still sound.

[4] While not set forth in the complaint, if the plaintiff is attempting to challenge or vacate the DEA's denial of his remission petitions, that effort fails too, because this Court cannot revisit that decision.  *See Schrob v. Catterson*, 948 F.2d 1402, 1412 n.9 (3d Cir. 1991) ("Generally, once the government has made an administrative determination on the petition, courts have no power to review that decision.") (citations omitted); *United States v. Kravitz*, 738 F.2d 102, 105 (3d Cir.1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1752, 84 L.Ed.2d 816 (1985).

Section 983(e)(5) states: "A motion filed under this subsection shall be the *exclusive remedy* for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5) (emphasis added); *see also United States v. Winkelman,* 430 F. App'x 208, 210 (3d Cir. 2011) (not precedential) (holding that section 983(e) is the exclusive remedy to set aside a completed administrative forfeiture); *Garcia v. Mesa*, 235 F.3d 287, 290 (7th Cir. 2000) (if plaintiff's claims could have been raised in the administrative proceeding, but were not, "the forfeiture cannot be challenged in the district court under any legal theory," except to determine "whether the notice given . . . afforded the claimant constitutional due process"). [5]

Under Section 983(e)(1), any person entitled to written notice in any nonjudicial (i.e., administrative) civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture if: a) the government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide the party with notice; and b) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. 18 U.S.C. § 983(e)(1). *See also Mohammad v. United States*, 169 F. App'x 475, 480-1 (7th Cir. 2006) (not precedential) (holding district court only has jurisdiction to review adequacy of notice given to claimant of the procedure for filing a claim).

Here, the plaintiff received notice regarding the administrative forfeiture of the seized currency – and, moreover – responded to that notice by filing petitions for remission and/or mitigation with the DEA. Thus, he cannot make a viable claim under the only available procedure through which the Court would have jurisdiction.

---

[5] Here, Curry did not raise an Eighth Amendment issue in his remission petitions. Nonetheless, the DEA considered potential Eighth Amendment issues when considering the petitions. The DEA's Eighth Amendment analysis was set forth in the October 25, 2021, ruling letter. *See* Rashid Decl., Exh. H at p. 4.

11

## IV.    CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court grant its motion and dismiss the complaint with prejudice.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney


*/s/ Gregory B. David*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


*/s/ Elizabeth M. Ray*
ELIZABETH M. RAY
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Telephone:  215-861- 8699
Facsimile:  215-861-8618


Dated: March 29, 2022

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 29th day of March, 2022, a true and correct copy of the foregoing motion, proposed order, memorandum of law in support, and related attachments and exhibits have been served by first-class, certified mail, postage prepaid, upon the following:

Douglas P. Earl, Esquire
1015 Chestnut St # 902
Philadelphia, PA 19107

*/s/ Elizabeth M. Ray*
Elizabeth M. Ray