**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHAUN CURRY, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | No. 22-cv-299 |
| *Defendant.* | : | |
| | : | |

**MEMORANDUM**

**Kenney, J.**                                                                        **July 28, 2022**

On January 24, 2022, Plaintiff Shaun Curry ("Plaintiff" or "Curry") filed suit against

Defendant, the United States of America ("Defendant"), alleging that the seizure of $121,420[1] by

the United States Drug Enforcement Administration (the "DEA") was a violation of his

constitutional right to be free from excessive fines under the Eighth Amendment. This Court

finds, however, that it does not have subject matter jurisdiction to hear Plaintiff's substantive

constitutional claim in this particular context. Specifically, by failing to file a claim in federal

district court within the allowable statutory time period and, instead, choosing to pursue a purely

administrative remedy, Curry foreclosed any possibility of bringing a substantive judicial

challenge to the seizure. After the money was seized, Curry was presented with the option to

pursue a judicial challenge or an administrative challenge to the forfeiture, and he chose to

exclusively pursue an administrative remedy. While the Court understands that Plaintiff Curry

---

[1] In the Complaint, Plaintiff states that the total seized dollar amount is $121,420. ECF No. 1 p. 6. Defendant, in its Motion to Dismiss states that the total seized dollar amount is $121,240. ECF No. 1 pp. 4, 7–8. However, in its letter denying Plaintiff Curry's Petitions for Remission, the DEA stated that an official count of the seized money, conducted on February 11, 2021, found that the total dollar amount seized was $121,400. ECF No. 6 Ex. H p. 4. This Court notes the inconsistency, but for the purpose of this Motion to Dismiss (ECF No. 6), accepts all facts pled by Plaintiff in the Plaintiff's favor and therefore accepts that the total dollar amount seized was $121,420.

may now regret this choice, a plaintiff's buyer's remorse cannot supersede federal law and grant this Court jurisdiction to hear his claim.

Presently before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's sole claim and moves to dismiss the Complaint in its entirety with prejudice. Defendant also argues that the only cognizable claim Plaintiff could bring in this matter is a procedural due process challenge to the sufficiency of notice of the forfeiture and that not only has no such claim been alleged in the Complaint, but also that any amendment to add such claim would be futile and necessarily warrant dismissal under Rule 12(b)(6) given the procedural history of this case and the undisputed facts. 18 U.S.C. § 983(e) ("Section 983(e)"). For the foregoing reasons, this Court will grant Defendant's Motion to Dismiss (ECF No. 6) and dismiss the Complaint, in its entirety, with prejudice.

## I.    BACKGROUND

On February 4, 2021, the DEA seized $121,420 from Plaintiff at the Philadelphia International Airport. ECF No. 6 Ex. H. At that time, Plaintiff had consented to a search of his two bags, wherein the DEA found cash and a small amount of marijuana. *Id.* Each of Plaintiff's bags contained cash; specifically, one bag contained $66,420, and the other contained $55,000. *See* ECF No. 6 Ex. H; *Id.* Ex. A.

On April 2, 2021, consistent with the requirements of 19 U.S.C. §1607(a) and 18 U.S.C. § 983(a) ("Section 983(a)"), the DEA sent written notices of the seizures (the "Notices") by

certified mail to Plaintiff's address[2] that, *inter alia*, clearly stated that the deadline for Plaintiff to file a claim challenging the forfeitures in federal district court was May 7, 2021. ECF No. 6 Ex. A;[3] *see also* ECF No. 1 p. 3.[4] On April 19, 2021, the DEA also posted separate notices of the currency seizures on the government forfeiture website and left these postings up for 30 consecutive days. ECF No. 6 Ex. C;[5] *see also* 28 C.F.R 28 § 8.9(a).

The Notices mailed to Plaintiff Curry explained that a person with a claimed interest in the seized monies could challenge the seizures by pursuing either an administrative or judicial remedy, or both, but that failing to pursue a judicial remedy within a specific time period would foreclose him from pursuing a judicial remedy in the future. ECF No. 6 Ex. A p. 3. Specifically, the Notices state that "[y]ou may file both a claim…and a Petition for Remission or Mitigation…[but] [i]f you file a petition and no one [] files a claim, your petition will be decided by the seizing agency." *Id.* The Notices explained that to pursue a judicial remedy, a person must file a claim to contest the forfeiture of the property in a federal district court by the designated deadline and that failure to do so will result in a waiver of that right. *Id.* at p. 4 ("*If you do not file a claim you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*") (emphasis in original). Finally, the Notices provided a clear

---

[2] The address that the Notices were mailed to is the same address identified by Plaintiff in the Complaint as his current address.

[3] Defendant's Exhibit A is a copy of the Notices sent by the DEA to Plaintiff. Included also are certified mail receipts confirming the Notices were received by a person at Plaintiff's address. ECF No. 6 Ex. A.

[4] Page numbers refer to ECF page numbers throughout.

[5] Defendant's Exhibit C is an advertisement certification report which contains a log of the days the DEA forfeiture notice was published on www.forfeiture.gov.  ECF No. 6 Ex. C.

deadline stating that "[f]ailure to file a claim by **11:59 PM EST on May 07, 2021** may result in the property being forfeited to the United States." *Id.* (emphasis in original). Thus, these Notices explained, in plain language, that failure to file a timely claim in federal district court by a specific deadline would preclude Plaintiff from later contesting the forfeiture in a judicial proceeding. *Id.*

Shortly after the Notices were confirmed to have been delivered by certified mail to Plaintiff Curry's address, Curry chose to exclusively pursue an administrative remedy with the assistance of counsel. Specifically, on May 12, 2021, Plaintiff Curry, through counsel, submitted Petitions for Remission or Mitigation (the "Petitions") to the DEA, in accordance with the procedure set forth in the Notices. ECF No. 6 Ex. D.[6] On May 20, 2021, the DEA sent letters acknowledging receipt of the Petitions to Plaintiff's attorney. ECF No. 6 Ex. F.[7]

On August 13, 2021, the DEA issued Declarations of Administrative forfeiture which notified Plaintiff that the $66,420 and the $55,000 had been forfeited to the United States, and which made Plaintiff's Petitions ripe for consideration by the DEA because the remission process offers potential recovery after an asset has been forfeited. ECF No. 6 Ex. G; ECF No. 6 p. 8.

On October 25, 2021, the DEA denied Plaintiff's Petitions. ECF No. 6 Ex. H.[8] In the denial letter sent by the DEA, (the "DEA Denial"), the DEA stated that Plaintiff Curry "failed to

---

[6] Defendant's Exhibit D is a copy of the Petitions submitted by Plaintiff through counsel and signed by both Plaintiff and Plaintiff's counsel, Douglas Earl, Esq. ECF No. 6 Ex. D.

[7] Defendant's Exhibit F is a copy of the DEA's letters to Plaintiff acknowledging receipt of Plaintiff's Petitions. ECF No. 6 Ex. F.

[8] Defendant's Exhibit H is a copy of the DEA's letter denying Plaintiff's Petitions. ECF 6 Ex. H. The letter acknowledges both Petitions and groups them together, so as to respond to them at the same time.

provide even a single document confirming a legitimate origin for the seized currency. . . . [and that a] petitioner's interest in the property must be supported by documentary evidence." ECF No. 6 Ex. H p. 4.[9] The DEA Denial also explained that the Department of Justice (the "DOJ") had conducted an inquiry into Plaintiff's wage earnings as reflected by the Pennsylvania Justice Network, Pennsylvania Department of Labor and Industry Employment, and found that Plaintiff had not reported income since 2018. ECF No. 6 Ex. H pp. 4–5. Further, Plaintiff had not provided an explanation as to how he had acquired the cash that was seized or why he did not secure it in an "insured interest-bearing bank account." ECF No. 6 Ex. H p. 5. The DEA Denial also stated that in March 2016, Plaintiff was convicted of felony drug charges, and that during the related criminal proceedings he had admitted to selling marijuana by the pound. ECF No. 6 Ex. H p. 4. At the time of the seizure, Plaintiff was on probation for this conviction. *Id.*

The DEA Denial concluded that Plaintiff failed to demonstrate any mitigating factors that would justify the return of the cash. ECF No. 6. Ex. H p. 5. The DEA Denial stated that it had reviewed the facts of the case and determined that the administrative forfeiture was entirely proportional to the offense, and therefore did not violate the Eighth Amendment prohibition against excessive fines. *Id.* The DEA Denial also informed Plaintiff that the proper forum in which to raise constitutional challenges of forfeiture was a federal district court and that, in this case, Plaintiff had failed to do so by not initiating judicial proceedings in a timely manner. *Id.*

---

[9] In the "Requirements for Petition" section the Notice stated that "the petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be signed under oath." ECF No. 6 Ex. D p. 15. The "Supporting Evidence" section of the Notice stated that, "although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition." ECF No. 6 Ex. H p. 4.

Accordingly, Curry was precluded from availing himself of that forum at this stage of the administrative process. *Id*.

The DEA Denial informed Plaintiff that he could request reconsideration of the DEA's Denial in the administrative forum and provided instructions explaining the process for doing so. *Id*. (The request for reconsideration "must be based on information or evidence not previously considered that is material to the basis of this denial or must present a basis clearly demonstrating that the denial is erroneous. Requests must be postmarked or received by this office within 10 days of your receipt of this letter.").

Plaintiff was unsatisfied with the result of the administrative proceeding; however, Plaintiff did not respond to the DEA Denial with a request for reconsideration within the allowable 10-day time period. Instead, despite having already foregone the opportunity to pursue a judicial remedy, on January 24, 2022, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Pennsylvania. ECF No. 1.

On March 29, 2022, Defendant filed a Motion to Dismiss requesting that this Court dismiss Plaintiff's Complaint, in its entirety, with prejudice. ECF No. 6. Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss on March 12, 2022. ECF No. 7. On March 19, 2022, Defendant filed a Reply in Further Support of Its Motion to Dismiss. ECF No. 10. Oral Argument was held before this Court on July 5, 2022. *See* ECF No. 14.

## II.    STANDARD OF REVIEW

### A.  Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction

A Rule 12(b)(1) motion addresses a Court's "very power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The Third Circuit has identified that there are two types

of Rule 12(b)(1) motions: "[those] that attack the complaint on its face and [those] that attack subject matter jurisdiction as a matter of fact[.]" *Mortensen*, 549 F.2d at 891. In the present matter, Defendant attacks the existence of subject matter jurisdiction, in fact. Specifically, Defendant argues not that Plaintiff has failed to sufficiently plead a basis for jurisdiction, but that there is, in fact, no jurisdiction.

When considering a factual 12(b)(1) motion, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Additionally, a plaintiff bears the burden to prove that a court has jurisdiction to hear his claim. *Id.*

**B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure Rule 8(a)(2) requires a complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 667–68 (2009). When evaluating a 12(b)(6) motion to dismiss, district courts "accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff. However, [courts should also] 'disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.'" *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) (internal citations omitted) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

The Third Circuit has found that, in order to be consistent with the pleading standard established by *Twombly* and *Iqbal,* this Court must take three steps in reviewing the sufficiency of a complaint. First, "it must 'tak[e] note of the elements [the] plaintiff must plead to state a

claim.'" *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937) (internal citations omitted). Second, the Court should disregard all conclusory allegations. *Id.* ("'Because they are no more than conclusions, [they] are not entitled to the assumption of truth.'"). Finally, "'[w]hen there are well-pleaded factual allegations, [the] [C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.*

Additionally, "[w]hen ruling on a defendant's motion to dismiss, the Court may consider a document explicitly relied upon in the complaint without converting the motion to dismiss to a summary judgment motion." *LeBoon v. Zurich Am. Ins. Co.*, 673 F. App'x 173, 176 (3d Cir. 2016).  The Court may "consider an 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" *Id.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)).

Defendant's Exhibits A through F are records of Plaintiff's interactions with the DEA in his pursuit of an administrative remedy. *See* ECF No. 6 Exhibits A–F; *see generally* ECF No. 1. The authenticity of these documents is undisputed by Plaintiff, and Plaintiff's claims are primarily based on these documents. *See* ECF No. 1. This Court finds that it may, therefore, consider Defendant's Exhibits A through F while evaluating Defendant's 12(b)(6) Motion to Dismiss without converting the Motion into one for summary judgement. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196 ("A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)) (emphasis

omitted) ("A 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'").

## III.   DISCUSSION

### A. Legal Standard and Statutory Framework

The DEA may seize any property or proceeds which were "furnished or intended to be furnished by any person in exchange for a controlled substance." 21 U.S.C. § 881(a)(6). The DEA may administratively forfeit property valued at or less than $500,000. *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 887 (D.C. Cir. 2009) ("*Malladi Drugs*") (citing 19 U.S.C. § 1607). Administrative forfeitures "have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. § 1609. Except in specific circumstances, pursuant to Section 983(a), the DEA must send written notice to all potential claimants within 60 days of the seizure. 18 U.S.C. § 983(a)(1)(A); *see also Malladi Drugs*, 552 F.3d at 887 ("The DEA must notify parties with an interest in the seized property of its intent to forfeit the goods administratively.").

Any person who has interest in the seized property may elect to file a claim to contest the seizure or to submit petition to request remission or mitigation of the forfeiture. 28 C.F.R. § 9.3(a); 18 U.S.C. § 983 ("Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim . . . after the seizure."). An interested party may file both a claim and a petition for remission or mitigation. *Id*.

If an interested party chooses to contest the seizure in a judicial forum, they must file a claim within a specific deadline set by the DEA. 18 U.S.C. § 983(a)(2)(B). Filing a claim initiates the judicial process wherein a claimant may contest a forfeiture in a federal district court. *Malladi Drugs*, 552 F.3d at 888. If no interested party files a claim, then the property is

administratively forfeited by default and the opportunity to contest the seizure in district court is foreclosed outside of the small exception to this general rule (discussed in more detail below), whereby a person may bring a procedural due process claim in federal court challenging the sufficiency of notice. *See* 19 U.S.C. § 1609; 18 U.S.C. § 983(e); *see also Malladi Drugs*, 552 F.3d at 887–88 (explaining that if no claim is filed, "the only option remaining for an interested party is to file a petition for remission or mitigation of the forfeiture with the DEA").

If an interested party chooses to file a petition for remission or mitigation, the petition must be submitted within 30 days of the date upon which notice was received and include documentary evidence. 28 C.F.R. § 9.3(a); 28 C.F.R. § 9.3(c) ("All petitions must include . . . a description of the petitioner's interest in the property . . . supported by . . . documentary evidence. Such documentation includes evidence establishing the source of funds for seized currency[.]"). Should a petition for remission or mitigation be denied, petitioners may make one request for reconsideration within ten days of their receipt of the denial. *Id*. § 9.3(j). The request for reconsideration must be "based on information or evidence not previously considered that is material to the basis for the denial or presents a basis clearly demonstrating that the denial was erroneous." *Id*.

## B. Analysis

### i. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Eighth Amendment Claim

Plaintiff was presented the opportunity to contest the forfeiture in a judicial forum or an administrative forum. Had he so chosen, Plaintiff Curry could have pursued both options simultaneously. Yet, rather than file a timely judicial claim, Plaintiff chose to let the door to district court close in favor of taking the administrative route. This Court cannot turn back time to reopen that door.

Plaintiff does not contest that he received timely Notices from the DEA. *See generally* ECF No. 1; *see also* ECF No. 14. The DEA sent the Notices by certified mail to Plaintiff, and the DEA received certified mail receipts showing that a person at Plaintiff's address had, in fact, received them. ECF No. 6 Ex. A. The Notices gave Plaintiff the option to file a claim in federal district court or submit a petition for remission that would be reviewed by the DEA. *Id.* The Notices explained in clear and accessible language the process for filing a claim and that failure to file a claim in the allotted time period would foreclose Plaintiff Curry from pursuing this option in the future. *See* ECF No. 6 Ex. A.

After receiving the Notices and with representation from counsel, Plaintiff elected to forego the opportunity to pursue a judicial remedy and, instead, started exclusively down the administrative route by filing the Petitions.

Because no claims were filed, the $121,420 was forfeited by default. Once the forfeiture was complete, Plaintiff's Petitions were ripe for consideration by the DEA. 28 C.F.R. § 9.1 ("Remission and mitigation functions in administrative forfeitures are performed by the agency seizing the property."). Within the DEA, authority to grant remission and mitigation is delegated to the Forfeiture Counsel, Office of Chief Counsel. 28 C.F.R. § 9.1. The decision to return forfeited assets is discretionary. *Malladi Drugs*, 552 F.3d at 888 (citing 28 C.F.R. § 9.7) ("Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the Ruling Official.").

On October 25, 2021, The DEA denied Plaintiff's Petitions. ECF No. 6 Ex. H. The DEA Denial stated, in relevant part:

> I have reviewed the facts of this case to determine if the forfeiture would be in violation of the U.S Constitution's Eighth Amendment prohibition against excessive punishments, as discussed in <u>Austin v. United States</u>, 509 U.S. 602 (1993). Please be advised, I have determined that the administrative forfeiture was

entirely proportional to the offense, considering the substantial connection between the forfeited property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since you have (the Petitioner has) failed to contest this forfeiture judicially, this option is no longer open. <u>See</u> <u>United States v. Giraldo</u>, 45 F.3d 509 (1st Cir. 1995); <u>Caraballo v. Drug Enforcement Administration</u>, 62 Fed. App'x 362, 363 (2003).

ECF No. 6 Ex. H p. 5.

The DEA Denial also informed Plaintiff of his opportunity to request reconsideration of the DEA's decision; however, Plaintiff chose not to do so. Instead, rather than availing himself of the opportunity for reconsideration of the DEA Denial, Plaintiff attempted to backtrack and circumvent the administrative reconsideration process by filing a claim in district court, arguing that the monetary seizure violated his constitutional right to be free from excessive fines under the Eighth Amendment. *See* ECF No. 1.

During Oral Argument on July 5, 2022, Plaintiff, through counsel, argued that there is no evidence that the DEA analyzed the facts of the case or relevant law when concluding that the seizure did not violate the Eighth Amendment prohibition against excessive fines. ECF No. 14 Tr. 16:7–19:8. Plaintiff contended that when the DEA undertook interpreting the Constitution in such an allegedly arbitrary and capricious manner, it opened the door for review of its decision by a district court. *See* ECF No. 14 Tr. 19:8–20.

This Court finds, consistent with federal courts across the country, that by failing to contest the forfeiture in district court by filing a claim, Plaintiff waived the opportunity for judicial forfeiture proceedings.[10] *See In re $844,520,* 136 F.3d 581, 582 (8th Cir. 1998) (per curiam) (holding that a district court "properly rejected [a petitioner's] attempt to collaterally attack [an] administrative forfeiture" when the petitioner received notice of the forfeiture but did

---

[10] As discussed below, the only cognizable challenge to an administrative forfeiture proceeding is a procedural due process challenge wherein a plaintiff may challenge the sufficiency of notice.

not contest it by filing a claim and bond); *Conservation Force v. Salazar*, 646 F.3d 1240, 1243

(9th Cir. 2011) (holding that a district court properly dismissed the case for lack of subject matter

jurisdiction "[b]ecause plaintiffs chose to pursue administrative remedies, [and thus,] waived the

opportunity for judicial forfeiture proceedings"); *see also Sarit v. DEA,* 987 F.2d 10, 17 (1st Cir.

1993) ("most challenges to forfeiture would be foreclosed by a plaintiffs' failure to utilize the

mechanism for obtaining judicial relief provided in the forfeiture statute and regulations").

     Moreover, not only did Plaintiff Curry fail to pursue a judicial remedy in the first

instance, but he also failed to fully exhaust his administrative remedies before asking this Court

to review the administrative decision. In 2009, the D.C. Circuit explicitly addressed the issue of

judicial review of administrative proceedings that were not fully exhausted in *Malladi Drugs*,

552 F.3d at 890. In that case, Plaintiff Malladi Drugs, a pharmaceutical supplier, had three

shipments of chemical imports seized by the DEA. *Id.* Malladi Drugs faced the same choice

Plaintiff Curry faced in the present case—that is, whether to pursue a judicial or administrative

remedy (or both). *Id.* As here, the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C § 981

governed the seizure of assets in *Malladi Drugs*, meaning failure to pursue a judicial remedy in

the first instance would foreclose this option in the future. *Id.* at 887–88 ("If no interested party

files a claim, then the DEA administratively forfeits the property by default and the only option

remaining for an interested party is to file a petition for remission or mitigation of the forfeiture

with the DEA.").

     Malladi Drugs, like Plaintiff Curry, elected to forego judicial proceedings in favor of

filing petitions for remission which were subsequently denied by the DEA. *Id.* at 888

("Malladi did not file a claim for the property, which would have entitled it to judicial forfeiture

proceedings, but instead allowed the DEA to administratively forfeit the goods and then filed a

petition for remission of each of the four seizures."). Malladi Drugs, again like Plaintiff in this case, elected not to request reconsideration of this decision and, instead, filed a claim in district court. *Id.* Upon review, the D.C. Circuit held, *inter alia*, that Malladi Drugs failed to "exhaust its administrative remedies before the DEA and should not now be given a second opportunity to pursue judicial forfeiture when it failed to seek that remedy within the statutory deadline." *Id.* at 889.

Plaintiff Curry was given the opportunity to pursue judicial remedies by filing a timely claim but neglected to do so in a timely manner. Accordingly, this Court finds that Plaintiff may not, after receiving an unsatisfactory result in the administrative proceedings, now choose to avail himself of a judicial remedy that he himself chose not to pursue in the first instance, particularly when he failed to fully exhaust the administrative remedies he now contests. *Id.* at 890 (quoting *McKart v. United States,* 395 U.S. 185, 195 (1969)) ("We will not 'encourag[e] people to ignore [an agency's] procedures by allowing litigants who 'deliberate[ly] flout[ ]' administrative processes to seek those forfeited administrative remedies from the court later.").

### ii.   Plaintiff Has Failed to Raise or Sufficiently Plead a Procedural Due Process Claim and Any Attempt to Amend the Complaint to Add Such Claim Would Be Futile

As discussed above, in civil forfeiture proceedings district courts do not have jurisdiction to review substantive challenges to forfeiture where plaintiffs have failed to initiate judicial proceedings by filing a claim within the allowable time period. *Conservation Force*, 646 F.3d at 1242 ("If a party pursues the administrative path, files a petition for remission, and the petition is denied, the only avenue to set aside the declaration of forfeiture is if the notice of forfeiture was not received."); *see also Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000) ("If a plaintiff's claims could have been raised in the administrative proceeding, but were not, the forfeiture cannot be challenged in the district court under any legal theory."). The exclusive exception to

14

this jurisdictional bar is reserved for constitutional procedural due process challenges. *Id.*

Specifically, district courts may hear challenges to the sufficiency of notice regarding the civil

forfeiture of assets because "federal courts always possess jurisdiction to review whether the

notice given in an administrative forfeiture proceeding afforded the claimant constitutional due

process." *Id.* (citing *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir.2000)). "If the notice

fails to comport with the requirements of due process, the underlying forfeiture action is void."

*Garcia*, 235 F.3d at 290.

Thus, while this Court is precluded from hearing any substantive challenge to the result

of the administrative forfeiture proceedings, this Court may consider a procedural due process

challenge that attacks the sufficiency of the notice of the forfeiture proceedings provided to

Plaintiff Curry. *Id.* Pursuant to Section 983(e) plaintiffs may file a motion to set aside a

declaration of forfeiture if they did not receive notice as required under Section 983(a). This

motion shall be granted where "the Government knew, or reasonably should have known, of the

moving party's interest and failed to take reasonable steps to provide such party with notice and

the moving party did not know or have reason to know of the seizure within sufficient time to

file a timely claim." 18 U.S.C. § 983(e)(1). "A motion filed under this subsection shall be the

*exclusive remedy* for seeking to set aside a declaration of forfeiture under a civil forfeiture

statute." 18 U.S.C. § 983(e)(5) (emphasis added).

Although Plaintiff did not raise such a claim, the Court finds it appropriate to address it

here, as Defendant raised it in its Motion to Dismiss and it is the exclusive remedy Plaintiff could

cognizably pursue in an amended complaint. With respect to the present Complaint, this Court

finds that Plaintiff failed to plead facts which would allow this Court to conclude that Plaintiff

did not receive sufficient notice.[11] Further, this Court also finds that upon consideration of the procedural history of the case and the undisputed facts, any attempt by Plaintiff to raise a procedural due process claim challenging the sufficiency of notice in a future amended complaint would be futile as it would be unable to survive a motion to dismiss.

For Plaintiff to prevail under Section 983(e), he must prove that (1) the DEA failed to take reasonable steps to provide Plaintiff with notice, and (2) Plaintiff did not have actual notice of the seizure. Regarding the first requirement, the undisputed facts demonstrate that the DEA complied with its duty to send notice under Section 983(a). The DEA received certified mail receipts showing that a person at Plaintiff's address signed for the Notices. ECF No. 6 Ex. A. Moreover, Plaintiff himself responded to the Notices by filing Petitions, demonstrating that Plaintiff had actual notice of the forfeiture. Plaintiff, therefore, meets neither of the requirements for establishing insufficient notice.

Thus, any amendment to Plaintiff's Complaint asserting a procedural due process claim challenging the sufficiency of notice would necessarily be futile. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted"). Therefore, this Court finds it appropriate to dismiss Plaintiff's Complaint with prejudice. *Grayson v.*

---

[11] In the Complaint Plaintiff provided the lone fact that $121,420 was seized from him on February 4, 2021. ECF No. 1. Plaintiff then concluded that it was excessive of the DEA to seize the entire amount and sought its return in whole or in part. *Id.* Plaintiff's pleading is devoid of any facts which would allow this Court to draw a reasonable inference that Curry is entitled to judicial review of the administrative process because it is devoid of any facts that challenge the sufficiency of notice. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal,* 556 U.S. at 679) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

*Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) ("[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, **unless amendment would be inequitable or futile**") (emphasis added).

## IV.    CONCLUSION

As discussed above, Plaintiff's failure to pursue judicial remedies in a timely manner has precluded him from doing so now, and thus, this Court finds that it lacks subject matter jurisdiction to hear Plaintiff's Eighth Amendment challenge. Further, this Court finds that any attempt by Plaintiff to amend the Complaint would be futile. Accordingly, the Court will **GRANT** Defendant's Motion to Dismiss (ECF No. 6) and will dismiss Plaintiff's Complaint with prejudice. An appropriate Order will follow.

BY THE COURT:

/s/ *Chad F. Kenney*
_____
**CHAD F. KENNEY, JUDGE**